United States District Court
Southern District of Texas
**ENTERED**
February 28, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| BENJAMIN FRANKLIN, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:17-CV-370 |
| § | |
| BEEVILLE CITY, TEXAS, *et al*, § | |
| § | |
| Defendants. § | |

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff Benjamin Franklin, who is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently housed at the McConnell Unit in Beeville, Texas, has filed this civil rights action. Plaintiff has been granted leave to proceed *in forma pauperis*. (D.E. 8). Pending before the Court is Plaintiff's Motion for Appointment of Counsel. (D.E. 4).

Plaintiff sues Beeville City, Texas as well as the following TDCJ and McConnell Unit officials: Maintenance Supervisor Gary Pendarvis, Assistant Regional Director P. Chapa, Lieutenant Christie L. Garcia, Bobby Humpkin, and Assistant Warden Kenneth M. Putnam, Jr. Plaintiff claims that certain defendants have acted with deliberate indifference to his health by exposing him to unsafe drinking water. (D.E. 1, p. 4). He further claims that certain defendants have failed to protect him by placing him in a cell with a dangerous inmate who has threatened Plaintiff. (D.E. 1, p. 4). Plaintiff has also

filed numerous supplemental pleadings and declarations in which he makes several additional claims.[1]

Plaintiff seeks the appointment of counsel to assist him in the prosecution of this case. In *Bounds v. Smith*, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of legal assistance. *Bounds v. Smith*, 430 U.S. 817, 829 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994); *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). Further, *Bounds* did not create a "free-standing right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). It is within the court's discretion to appoint counsel, unless the case presents "exceptional circumstances," thus requiring the appointment. 28 U.S.C. § 1915(e)(1); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel. *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982)). The first is the type and complexity of the case. *Id.* Plaintiff's civil rights claims do not present any complexities that are unusual in prisoner actions.

---

[1] In a separate order, the undersigned has directed Plaintiff to file an amended complaint to present all of his claims in one pleading.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. *Id.* Plaintiff has thus far demonstrated that he is able to communicate adequately and file pleadings with the Court.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. *Id.* Because Plaintiff's action has not been scheduled for trial, the appointment of counsel for trial would be premature. Finally, there is no indication that appointing counsel would aid in the efficient and equitable disposition of the case.

Plaintiff has not shown that exceptional circumstances require the appointment of counsel at this time. Accordingly, Plaintiff's Motion for Appointment of Counsel (D.E. 4) is DENIED.

ORDERED this 23rd day of February, 2018.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE