Case 2:17-cv-00370   Document 55   Filed on 05/23/18 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
May 23, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| BENJAMIN FRANKLIN, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:17-CV-370 |
| § | |
| BEEVILLE CITY, TEXAS, *et al*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR PRISONER RELEASE ORDER**

Plaintiff Benjamin Franklin, who is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently housed at the McConnell Unit in Beeville, Texas, has filed this civil rights action. Plaintiff has been granted leave to proceed *in forma pauperis*. Pending before the Court is Plaintiff's Motion for Prisoner Release Order. (D.E. 52).

In this action, Plaintiff sues Beeville City, Texas as well as the following TDCJ and McConnell Unit officials: Maintenance Supervisor Gary Pendarvis, Assistant Regional Director P. Chapa, Lieutenant Christie L. Garcia, Assistant Warden Kenneth M. Putnam. Jr., and Bobby Humpkin. Plaintiff claims that certain defendants have acted with deliberate indifference to his health by exposing him to unsafe drinking water. (D.E. 1, p. 4). He further claims that certain defendants have failed to protect him by placing him in a cell with a dangerous inmate. (D.E. 1, p. 4). Plaintiff also has filed

numerous supplemental pleadings and declarations in which he makes several additional claims.[1]

Pursuant to 18 U.S.C. § 3626(a)(3), Plaintiff moves the Court for a prisoner release order. (D.E. 52). The PLRA imposes certain restrictions on a court's ability to enter a "prisoner release order," which the PLRA defines as "any order, including a temporary restraining order or preliminary injunctive relief, that has the purpose or effect of reducing or limiting the prison population, or that directs the release from or nonadmission of prisoners to a prison." 18 U.S.C. § 3626(g)(4). A prisoner release order "shall be entered only by a three-judge court in accordance with [28 U.S.C. § 2284]." *Id.* § 3626(a)(3)(B).

To convene a three-judge court, the party seeking a prisoner release order must file "materials sufficient to demonstrate" that two prerequisites have been satisfied. *Id.* § 3626(a)(3)(C). First, the party seeking the prisoner release order must demonstrate that "a court has previously entered an order for less intrusive relief that has failed to remedy the deprivation of the Federal right sought to be remedied through the prisoner release order." *Id.* § 3626(a)(3)(A)(i). Second, the party must demonstrate that "the defendant has had a reasonable amount of time to comply with the previous court orders." *Id.*, § 3626(a)(3)(A)(ii). Unless both of these prerequisites are satisfied, the PLRA's requirement to convene a three-judge court is not triggered.

---

[1] On March 28, 2018, Magistrate Judge B. Janice Ellington directed Plaintiff to submit a comprehensive amended complaint on before April 20, 2018. (D.E. 28, p. 4). On April 5, 2018, pursuant to Federal Rule of Civil Procedure 72(a), Plaintiff filed his objections from the March 28 Order. (D.E. 32). Additionally, Plaintiff has filed a Notice of Appeal. (D.E. 38).

In support of his motion for a prisoner release order, Plaintiff states that: (1) Defendant Humpkin is part of the "American Correctional Association Standards staff overseeing" the maintenance of TDCJ prison facilities; and (2) Defendant Humpkin and other staff members have visited the McConnell Unit for multiple years without successfully correcting the unit's deficient conditions. (D.E. 52). Plaintiff, however, has not submitted materials sufficient to trigger the necessity of convening a three-judge panel for the purpose of issuing a prisoner release order. Specifically, Plaintiff has neither cited nor otherwise obtained a Court order providing him with any relief in connection with his claims in this case. Plaintiff, therefore, cannot satisfy either prerequisite set forth under § 3626(a)(3)(A).

Accordingly, it is respectfully recommended that Plaintiff's Motion for Prisoner Release Order (D.E. 52) be DENIED.

Respectfully submitted this 23rd day of May, 2018.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).