Case 2:17-cv-00370 Document 78 Filed on 08/06/18 in TXSD Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
August 06, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| BENJAMIN FRANKLIN, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:17-CV-370 |
| § | |
| BEEVILLE CITY, TEXAS, *et al*, § | |
| § | |
| Defendants. § | |

# MEMORANDUM AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Plaintiff Benjamin Franklin, who is proceeding *pro se* and *in forma pauperis*, is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently housed at the McConnell Unit in Beeville, Texas. He filed this civil rights action against several officials from the McConnell Unit and the TDCJ, including Maintenance Supervisor Gary Pendarvis and American Correctional Association Auditor (ACAA) for the TDCJ Bobby Humpkin.

On June 27, 2018, the undersigned issued a Memorandum and Recommendation, recommending that: (1) the Court retain Plaintiff's deliberate indifference claims against Defendants Pendarvis and Humpkin; (2) Plaintiff's claims for money damages against all individual Defendants in their official capacities be dismissed as barred by the Eleventh Amendment; and (3) Plaintiff's remaining claims against Defendants be dismissed with prejudice for failure to state a claim upon which relief can be granted and/or as frivolous. (D.E. 70). On June 28, 2018, the undersigned ordered service of Plaintiff's amended complaint on Defendants Pendarvis and Humpkin. (D.E. 71). These defendants were

directed in the Order of Service to file an answer within forty-five days of their receipt of the amended complaint. (D.E. 71, p. 1).

Plaintiff seeks entry of default judgment against Defendants Pendarvis and Humpkin. (D.E. 75).[1] He contends that these defendants were served with Plaintiff's amended complaint on June 28, 2018, but have failed to file an answer or otherwise defend within twenty days. (D.E. 75).

Federal Rule of Civil Procedure 55 provides in pertinent part that:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a). A three-step process exists for securing a default judgment. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a party "has failed to plead or otherwise defend against an action." Fed. R. Civ. P. 55(a). Second, the clerk must then enter an entry of default when the default is "shown by affidavit or otherwise." *Id.* Third, a party must apply either to the clerk or the court for a default judgment after an entry of default. *Id.*; *Brown*, 84 F.3d at 141. "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).

On August 2, 2018, the Office of the Attorney General for the State of Texas filed an *Amicus* Curiae Advisory, informing the Court that "TDCJ employment records contain

---

[1] While the Clerk of the Court has docketed Plaintiff's motion as seeking default judgment against all of the Defendants named in this action, Plaintiff seeks default judgment only against the two defendants on which the undersigned ordered service of the amended complaint.

no record of any 'Bobby Humpkin,' nor is there any position within TDCJ titled or reasonably described as 'American Correctional Association Auditor for the TDCJ.'" (D.E. 76). On that same day, Defendant Pendarvis filed his answer to the amended complaint. (D.E. 77).

Plaintiff is not entitled to default judgment in this case. Contrary to Plaintiff's argument, Defendant Pendarvis filed a timely responsive pleading within the forty-five day period set forth in the undersigned's Order of Service. Furthermore, there appears to be no individual employed with the TDCJ having the name "Bobby Humpkin." Accordingly, because Plaintiff is not entitled to default judgment in this case, it is respectfully recommended that his Rule 55 motion (D.E. 75) be DENIED.

Respectfully submitted this 6th day of August, 2018.

                                                    B. JANICE ELLINGTON
                                                    UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).