Case 2:17-cv-00370 Document 131 Filed on 08/25/20 in TXSD Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
August 25, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BENJAMIN FRANKLIN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-370 |
| | § | |
| BEEVILLE CITY, TEXAS, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION
TO DENY PLAINTIFF'S MOTION TO ALTER JUDGMENT**

Plaintiff Benjamin Franklin, a Texas inmate appearing *pro se* and *in forma pauperis*, had filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Pending is Plaintiff's Motion to Stay, which the undersigned construes as a Motion to Reopen Complaint. (D.E. 130). For the reasons stated below, it is respectfully recommended that Plaintiff's motion be **DENIED**.

## I.   BACKGROUND

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and is presently housed at the McConnell Unit in Beeville, Texas. The facts giving rise to Plaintiff's claims occurred in connection with Plaintiff's current assignment to the McConnell Unit. (D.E. 1). In his original complaint, Plaintiff sued Beeville City, Texas as well as the following TDCJ and McConnell Unit

officials: Maintenance Supervisor Gary Pendarvis, Assistant Regional Director P. Chapa, Lieutenant Christie L. Garcia, American Correctional Association Auditor (ACAA) for the TDCJ Bobby Lumpkin, and Assistant Warden Kenneth M. Putnam, Jr. (D.E. 1, pp. 3, 31). Plaintiff claimed that Defendants violated his Eighth Amendment rights. (D.E. 1, p. 4). Plaintiff subsequently filed numerous supplemental pleadings and declarations in which he advanced additional claims.

On February 28, 2018, due to the difficulty encountered in evaluating Plaintiff's claims as presented in his original complaint and various supplemental pleadings, Magistrate Judge B. Janice Ellington ordered Plaintiff to name each Defendant he seeks to sue and present all his claims in a comprehensive amended complaint. (D.E. 21). Plaintiff ultimately submitted his comprehensive amended complaint on June 18, 2018. (D.E. 65). Therein, Plaintiff names the following defendants: (1) the City of Beeville; (2) Maintenance Supervisor Pendarvis; (3) Assistant Regional Director Chapa; (4) Lieutenant Garcia; (5) ACAA Lumpkin; and (6) Assistant Warden Putnam. (D.E. 65, pp. 3, 19). Plaintiff sues the individual defendants in both their individual and official capacities.

Plaintiff claims that Defendants: (1) acted with deliberate indifference to his health by exposing him to unsafe drinking water; (2) failed to protect him by placing him in a cell with dangerous inmates; and (3) entered into civil conspiracies to deny Plaintiff's constitutional rights and subject him to a campaign of harassment. He seeks declaratory, injunctive, and monetary relief.

On May 8, 2020, the undersigned entered a Memorandum and Recommendation ("M&R") recommending that: (1) the Court grant Defendant 's motion for summary judgment; and (2) Plaintiff's claims against Defendants Lumpkin and Pendarvis in their official capacities for declaratory and injunctive relief be dismissed. (D.E. 123). Plaintiff filef objections to the M&R. (D.E.s 125, 126, 127, & 128). On August 7, 2020, Senior United States District Judge Tagle adopted the M&R and stated that a final judgment would be separately entered in this case. (D.E. 129).

## II.  DISCUSSION

A motion which challenges a prior judgment on the merits is treated either as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) or a motion for relief from judgment under Rule 60(b). *Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994). On August 24, 2020, the Court received Plaintiff's Motion to Reopen Complaint. (D.E. 130). Plaintiff's motion is dated August 19, 2020, and his envelope containing the motion is post-marked on August 21, 2020. (D.E. 130, 130-3).

Pursuant to the prison mailbox rule, the undersigned finds that Plaintiff's motion was filed in this Court on August 21, 2020.[1] Because Plaintiff filed his motion within twenty-eight (28) days of the entry date of the final judgment, the undersigned will construe his motion as one arising under Rule 59(e).

A Rule 59(e) motion must clearly establish either a manifest error of law or fact or must present newly discovered evidence. *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir.

---

[1] *Pro se* filings are deemed filed at the time they are deposited into the prison mail system for mailing. *See Medley v. Thaler*, 660 F.3d 833, 835 (5th Cir. 2011).

2005) (internal quotations omitted). A Rule 59(e) motion serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. *Templet v. HydroChem Inc.,* 367 F.3d 473, 478-79 (5th Cir. 2004). A Rule 59(e) motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. *Id*. Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *Templet*, 367 F.3d at 479.

In his Rule 59(e) motion, Plaintiff asserts in a conclusory manner that his complaint was wrongfully dismissed. Plaintiff, however, presents no specific argument to demonstrate that a manifest error of law or fact has occurred. Plaintiff seems to make arguments in his motion challenging the final order and judgment. Plaintiff cannot appeal directly to the Supreme Court as he states in his motion, therefore if the motion seeks a stay, it should be denied as unnecessary. He also states in his declaration that he seeks a stay pending disposition of a Rule 59(e) motion to alter or amend judgment. (D.E. 130-2, p. 1). Substantively, he seeks reconsideration of the final order and judgment and a 90-day stay to appeal. The motion to stay is unnecessary as the time to appeal from the final judgment starts to run when his Rule 59(e) motion is decided by the district court. Fed. R. App. P. 4(a)(4). Because Plaintiff is not entitled to any relief with respect to the final judgment entered against him, his Rule 59(e) motion should be denied.

### III. RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that Plaintiff's Motion to Reopen Complaint, construed as a Rule 59(e) motion (D.E. 130), be **DENIED**.

Respectfully submitted this 25th day of August, 2020.

Julie K. Hampton
United States Magistrate Judge

### NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).